1  Dale C. Campbell, State Bar No. 99173
   Charles L. Post, State Bar No. 160443
2  James Kachmar, State Bar No. 216781
   **weintraub** genshlea chediak
3  a law corporation
   400 Capitol Mall, 11th Floor
4  Sacramento, California  95814
   (916) 558-6000 – Main
5  (916) 446-1611 – Facsimile

6  Attorneys for Plaintiffs
   MV Transportation, Inc. and
7  MV Public Transportation, Inc.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  MV TRANSPORTATION, INC., a California    ) Case No.
    corporation; and MV PUBLIC               )
14  TRANSPORTATION, INC., a California       )
    corporation,                             )
15                                           ) EX PARTE APPLICATION FOR TEMPORARY
                  Plaintiff,                 ) RESTRAIING ORDER AND ORDER TO
16                                           ) SHOW CAUSE
         vs.                                 )
17                                           ) Date:
    JANET DAVIS; and DOES 1 through 20,      ) Time:
18  inclusive,                               ) Dept:
                                             )
19                Defendants,                ) Complaint Filed:
                                             )
20  _____  )

21

22       About four years ago, defendant Janet Davis ("Davis"), and others, sold the goodwill

23  and control of the corporation they had formed to plaintiff MV Transportation, Inc. ("MV"). In

24  support of that sale of goodwill, Davis specifically agreed:  (1) not to compete against MV for

25  60 months following the sale; and (2) not to solicit MV's employees for that same period.

26  Davis's employment with MV was subject to a written agreement which, among other things,

27  required her not to use or disclose MV's know-how, proprietary information, and trade secrets.

28  Just days ago, Davis violated those contractual commitments as well as her obligations under

law by accepting employment in a senior executive position with Veolia Transportation, one of MV's major competitors. Davis served as a senior executive within the MV family of companies. She has knowledge of MV's intellectual property, techniques, and know-how which allow MV to compete effectively in the marketplace. In the weeks and months prior to her resignation, Davis also breached the non-solicitation provisions of her agreements with MV by soliciting another key MV employee, Christopher Bryan. This solicitation was in breach of both Davis's contractual and legal obligations. She remained an officer of MV during the period of her solicitation and recruitment of Mr. Bryan. She has also indicated to MV that it may expect further resignations of its employees. To prevent further contractual violations, violations of law, and the irreparable injury that MV will suffer to its key business functions, MV makes this application for a temporary restraining order and order to show cause re preliminary injunction to enjoin and restrain Davis and her representatives, agents, and employees:

    1.    Davis should be temporarily restrained from any further violation of the non-solicitation provisions of the Non-Competition Agreement incorporated into the Share Purchase Agreement between Davis (and others), on the one hand, and MV, on the other, dated December 5, 2003 (the "Agreement") and restrained from using or disclosing MV's trade secret and/or proprietary information.

    2.    Further, MV requests that an Order to Show Cause why a preliminary injunction should not issue enjoining Davis from the acts prohibiting by the Temporary Restraining Order and enjoining her employment or continued employment in violation of the non-compete agreement, including by accepting or continuing employment as Vice President, Business Improvement with Veolia Transportation in violation of the Agreement.

///
///
///
///
///

1  This ex parte application is based upon the Complaint for Injunctive Relief on file in this
2  matter, the declarations of Charles L. Post, Jon Monson, Sean Kimble, Bodie Lyon, Chad
3  Hockman, Kevin Klika, and Marsha Moore, the memorandum of points and authorities in
4  support of this ex parte application, the proposed order, and any such testimony or evidence
5  that may be submitted at the _____ hearing.

Dated: November 9, 2007

weintraub genshlea chediak
a law corporation

By: _____
Charles L. Post
State Bar No. 160443

Attorneys for Plaintiffs
MV Transportation, Inc. and
MV Public Transportation, Inc.

{12700/16315/CLP/0995770.DOC;}    3    Ex Parte Application for TRO and OSC