Dale C. Campbell, State Bar No. 99173
Charles L. Post, State Bar No. 160443
James Kachmar, State Bar No. 216781
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff
MV Transportation, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation; and MV PUBLIC TRANSPORTATION, INC., a California corporation, | Case No. |
| Plaintiffs, | DECLARATION OF CHARLES L. POST IN SUPPORT OF MV'S EX PARTE APPLICATION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE |
| vs. | |
| JANET DAVIS; and DOES 1 through 20, inclusive, | Date:<br>Time:<br>Dept: |
| Defendants, | Complaint Filed: |

I, Charles L. Post, declare as follows:

1.    I am an attorney licensed to practice before all courts of the State of California and am a shareholder with Weintraub Genshlea Chediak Law Corporation, attorneys of record for plaintiff MV Transportation, Inc. ("MV"). I have personal knowledge of the facts set forth in this declaration except as to matters stated upon information and belief, and as to those matters I believe them to be true and if called upon to do so, I could and would competently so

1    testify under oath.

2        2.    On November 6, 2007, I caused a letter to be sent to Janet Davis on behalf of

3    MV.  Attached hereto as Exhibit A is a true and correct copy of my November 6, 2007 letter to

4    Janet Davis.

5        I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.

7        Executed on November 8 2007, at Sacramento, California.

8

9                                              _____

10                                             CHARLES L. POST

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

weintraub genshlea chediak
LAW CORPORATION

# EXHIBIT A

November 6, 2007

400 Capitol Mall, Eleventh Floor
Sacramento, CA 95814
916.558.6000 . 916.446.1611 FAX
. www.weintraub.com

ᴍ MERITAS LAW FIRMS WORLDWIDE

Charles L. Post
916.558.6035 DIRECT
cpost@weintraub.com

*Via Email - janetd@yahoo.com, and*
   *Federal Express*

Ms. Janet Davis
6417 N. 83rd Avenue
Wadell, Arizona   85355

RE:    Demand to Cease and Desist Unfair Business Practices, Breach of Contracts

Dear Ms. Davis:

This office has been retained by MV Transportation, Inc. ("MV") to investigate and take appropriate legal action to protect its rights in connection with your violation or intended violation of the confidentiality and non-competition agreements between you and MV. Based on statements made by you to MV's officers and employees, MV understands that, during the period of your employ with MV Public Transportation, Inc., (a subsidiary of MV), you may have breached duties, including fiduciary duties owed to MV Public Transportation, Inc.

MV also understands that you have accepted employment with a competitor of MV in violation of the Non-Competition Agreement dated December 1, 2003 between you, Local Motion ITS, Inc. and MV.  Among other things, that non-competition agreement requires you to refrain from engaging in any business which offers to provide services or products substantially similar to or in competition with Local Motion or MV (including MV's subsidiaries and affiliates) for 60 months following the close of escrow of the sale of your Local Motion shares to MV.  Your sale of these shares, was part of the sale of  Local Motion's business goodwill to MV.  That agreement also prohibits you from soliciting, servicing, diverting or appropriating to any competing business, customer, client or other business opportunity of MV (including MV's subsidiaries and affiliates) for the same period. Similarly, the non-competition agreement prohibits any attempt by you to induce any employee of MV (including MV's subsidiaries or affiliates) to leave employment with MV.

{12700/16121/CLP/0991822.DOC;}

**weintraub** genshlea chediak
LAW CORPORATION

Ms. Janet Davis
November 6, 2007
Page 2 of 3

The Employment Agreement between you and Local Motion dated December 1, 2003 (subsequently amended naming MV Public Transportation, Inc. as your employer) prohibits you from using or disclosing MV's proprietary information inclusive of:

> "all trade secrets, confidential or proprietary information with respect to the activities and businesses of [MV] including, without limitation, personnel information, secret processes, know how, customer lists, employee lists, databases, ideas, techniques, processes, inventions (whether patentable or not), and other technical plans, business plans, marketing plans, product plans, forecasts, contacts, strategies and information . . ." learned by you in the course of your employment by MV.

Additionally, paragraph 7 of your Employment Agreement states that all inventions, discoveries, processes, or know-how related to the business of the company that were generated or conceived during the term of your employment with MV are the sole and exclusive property of MV.

MV understands that, at pre-bid meetings held by Access Services (which runs the paratransit services operated by the Southwest Ohio Regional Transit Authority) representatives of Veolia Transportation assured Access Services that Veolia could provide software solutions with similar capabilities and functionality to MV's proprietary software programs and suggested that Veolia was able to do so because it had just hired you and Christopher Bryan from MV. Any transfer of MV's proprietary information to Veolia is impermissible under the terms of your Employment Agreement.

Such actions constitute a violation of your contractual and fiduciary obligations to MV. Your actions may subject you, and, perhaps others, to liability for *inter alia*: (i) breach of contract and of the covenant of good faith and fair dealing; (ii) misappropriation of trade secrets pursuant to the Uniform Trade Secrets Act, California Civil Code sections 3426, *et seq.*

{12700/16121/CLP/0991822.DOC;}

Ms. Janet Davis
November 6, 2007
Page 3 of 3

Pursuant to section 8.3 and 8.5 of the Share Purchase Agreement, this letter is notice of a dispute between MV and you. Article 2 of the Non-Competition Agreement (attached as Exhibit 4.1(s) to the Share Purchase Agreement) and section 6.2 of your Employment Agreement provide that, in the event of a breach of the non-compete and confidentiality provisions of the respective agreements, MV will suffer irreparable injury and, thus, is entitled to seek injunctive relief to enforce the Non-Competition Agreement and the non-disclosure provision of your Employment Agreement. MV's right to obtain injunctive relief is cumulative to any other remedy or relief MV may be entitled to obtain, including damages. Unless MV receives immediate notice from you that you have ceased your employment with an MV competitor in violation of the terms of the Share Purchase Agreement and Non-Competition Agreement, MV intends to seek issuance of injunctive relief against you prohibiting you from further and/or continuing violations of the Share Purchase Agreement, Non-Competition Agreement, and Employment Agreement.

The foregoing demands are made without prejudice to MV's right to assert any and all rights and remedies available to it at law, equity, or otherwise. Please be advised that MV intends to take any and all measures it deems necessary in order to protect and defend its rights. Nothing herein shall be deemed or construed to constitute an agreement by MV to refrain from reporting to the appropriate legal authorities evidence of wrongdoing by any person or entity or from taking or refraining from taking any other action in relation thereto.

Very truly yours,

**weintraub** genshlea chediak
law corporation

Charles L. Post

CLP/rc

{12700/16121/CLP/0991822.DOC;}