Dale C. Campbell, State Bar No. 99173
Charles L. Post, State Bar No. 160443
James Kachmar, State Bar No. 216781
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California   95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiffs
MV Transportation, Inc. and
MV Public Transportation, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation; and MV PUBLIC TRANSPORTATION, INC., a California corporation, | Case No. |
| | DECLARATION OF MARSHA MOORE IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE |
| Plaintiffs, | |
| vs. | |
| JANET DAVIS; and DOES 1 through 20, inclusive, | |
| | Date: |
| Defendants, | Time: |
| | Dept: |
| | Complaint Filed: |

I, Marsha Moore, declare:

1.     I am currently employed by MV Transportation, Inc. ("MV"), a plaintiff in this action.  I make this declaration of my own personal knowledge, except as to matters stated herein on my information and belief, and, as to those matters, I believe them to be true and correct.  If called as a witness, I could and would competently testify to the matters contained herein.

/ / /

2.    I am the chief information officer for MV and have held that position since July 2007. From March 2006 to July 2007, I was the executive vice president for research and development of information technology. Prior to that time, I served as the executive vice president of information technology for MV.

3.    I have known and worked with defendant Janet Davis ("Davis") since approximately 1991. At that time, I owned my own transportation management software company known as Online Data Products. I hired Davis as an employee of Online Data Products. In approximately 1992 or 1993, I also hired Christopher Bryan as an employee of Online Data Products.

4.    In approximately 1999, I sold Online Data Products to a larger transportation management software company known as the Trapeze Group ("Trapeze").

5.    Davis, Christopher Bryan, and I each joined Trapeze as employees. In January 1999, I entered into a semi-retired arrangement with Trapeze and performed only part-time special projects on its behalf. It is my understanding that Davis and Christopher Bryan remained in full employment with Trapeze.

6.    Davis subsequently left the employment of Trapeze and went to work for a Medicaid transportation company where she worked with an individual by the name of Ryan Larsen. This company ceased operations at the division where Davis and Ryan Larsen worked and, to my knowledge, Davis went back to work for Trapeze and Ryan Larsen started the company known as Local Motion ITS, Inc., a Virginia corporation ("Local Motion"). Davis joined Local Motion as a shareholder and employee approximately one month later. In or about April 2003, I joined Local Motion as a shareholder and employee.

7.    Local Motion ultimately had four shareholders. The four shareholders were Davis, Ryan Larsen, Kevin Dresser, and I. Kevin Dresser was principally a financier of Local Motion and was not involved in its operations. Davis, Ryan Larsen, and Kevin Dresser each held 30.33 percent of the outstanding shares of Local Motion, and I held nine percent.

8.    Effective December 5, 2003, the four shareholders of Local Motion sold Local Motion's goodwill and control by selling eighty percent (80%) of the outstanding shares to MV.

**weintraub** genshlea chediak
LAW CORPORATION

At the time of the sale, Local Motion was marketing its services nationwide and its shareholders and employees lived in Iowa, Arizona and the state of Washington. All four shareholders of Local Motion executed non-competition agreements that were a requirement of the Share Purchase Agreement. Davis, Ryan Larsen, and I all became employees of Local Motion after the sale to MV. Davis, Ryan Larsen, and I each signed employment agreements with Local Motion. Christopher Bryan was the first non-shareholder employee hired by Local Motion after the sale to MV.

9.     From the date of the merger until approximately January 2005, Local Motion attempted to expand its business into the Medicaid transportation service business. Local Motion was not very successful in expanding the scope of its business. In approximately March 2005, I was reassigned to work directly for MV as its executive vice president of information technology for its general transportation services company wide.

10.     Even prior to my formal appointment as executive vice president of information technology for MV, I had began to assist MV with its preliminary efforts to develop proprietary software applications and automated management reports to improve its transit management systems.

11.     One of my first major responsibilities after becoming MV's executive vice president of information technology was to oversee MV's development of its own proprietary software for improving and facilitating the management of public and private transportation systems. MV's proprietary software and software applications have been developed under my supervision and direction.

12.     The proprietary software that MV has developed includes both standalone transportation management programs and customized applications that interface with the Trapeze scheduling software. MV's proprietary software includes a series of tools allowing MV and its clients to identify potential trouble spots in "real time" in order to implement prompt fixes; allowing employees to perform at higher levels by providing simplified real time scheduling and routing information; providing automated information systems accessible to

/ / /

**weintraub** genshlea chediak
LAW CORPORATION

{12700/16315/DCC/0995482.DOC;}                    3

Decl. of Marsha Moore ISO Temporary
Restraining Order & Prelim. Injunction

1  passengers to allow for a better passenger experience; and providing improved real time
2  performance reports to MV's executives for quicker managerial response.

3       13.    Many officers of MV contributed ideas based upon their knowledge and
4  experience gained as MV employees, which were later integrated by MV into the software
5  functionality and user interfaces.

6       14.    Davis, both in her capacity as regional vice president of MV Contract
7  Transportation, Inc. and MV Public Transportation, Inc., as well as in her role as executive vice
8  president information technology for all of MV, became familiar with, and participated along
9  with the other MV officers and employees in, contributing ideas towards the user interfaces and
10  features of MV's proprietary public transportation management software.

11      15.    On Wednesday, October 10, 2007, I received a voice-mail message from Davis
12  asking that I call her. That same day, I also received a call from Christopher Bryan during
13  which he told me he was leaving to join Veolia and that Davis was leaving as well. I asked
14  Mr. Bryan if there was anything we could do to talk him into staying with MV. Mr. Bryan was
15  non-committal. I spoke with Davis on Thursday, October 11, 2007, at which time she
16  informed me she was leaving the company to go to work for Veolia. I asked her if there was
17  anything that MV could do to entice her to stay with the company. Davis stated that there was
18  nothing MV could offer since she had negotiated a "package deal" involving her and
19  Christopher Bryan to join Veolia Transportation. I told Davis that I had heard that she was
20  taking eight people with her. Davis responded to me by stating, "I believe you will lose eight
21  people in the near future."

22      I declare under penalty of perjury under the laws of the State of California that the
23  foregoing is true and correct.

24      Executed on November 8, 2007, at Scottsdale, Arizona.

25
26
27                          Marsha L Moore
                            Marsha Moore
28

Decl. of Marsha Moore ISO Temporary
Restraining Order & Prelim. Injunction

**weintraub** genshlea chediak
LAW CORPORATION