UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MV TRANSPORTATION INC., et al.,

        Plaintiffs,

        v.

JANET DAVIS, et al.,

        Defendants.

_____/

No. C 07-5712 PJH

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

        Plaintiffs' motion for temporary restraining order came on for hearing before this court on November 21, 2007. Plaintiffs MV Transportation, Inc. and MV Public Transportation, Inc. ("plaintiffs") appeared through their counsel, Charles Post. Defendant Janet Davis ("defendant") appeared through her counsel., Eric Dowell and Alec Hillbo. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby rules as follows, for the reasons stated at the hearing.

        To prevail on a motion for temporary restraining order, the moving party bears the burden of demonstrating either 1) a combination of probable success on the merits and the possibility of irreparable injury or 2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in the moving party's favor. See, e.g., Stuhlbarg Int'l Sales Co., Inc. v. John D. Bruch & Co., Inc., 240 F.3d 832, 329-40 (9th Cir. 2001). Plaintiffs, however, have failed to make a sufficient evidentiary or legal showing of either the likelihood of success on the merits of their claims or irreparable injury. In particular, plaintiffs have failed to make a sufficient evidentiary showing that defendant has solicited plaintiffs' employees and/or used or disclosed plaintiffs' proprietary trade secret information, in violation of either the Share Purchase

Agreement or the employment agreement. Accordingly, the motion for temporary restraining order is DENIED.

Plaintiffs' corresponding request for an order to show cause why a preliminary injunction should not issue is GRANTED, but only as to the limited issue whether defendant should be prohibited from continued employment with one of plaintiffs' competitors, in violation of the non-compete provisions of the Share Purchase Agreement. The parties may conduct discovery as to this issue in preparation for the preliminary injunction hearing. Discovery shall be completed within eight weeks of the date of this order, at the close of which plaintiffs shall file their motion for preliminary injunction, in accordance with the 35 day briefing schedule contemplated by the local rules of this court.

Finally, the court is also of the opinion that defendant's motion to dismiss or transfer the instant action for improper venue requires further briefing. To that end, and notwithstanding that discovery related to the preliminary injunction motion is underway, plaintiffs shall file an opposition brief to defendant's motion to dismiss or transfer based on improper venue no later than December 5, 2007. Defendant shall file a reply brief no later than December 12, 2007. The motion will thereafter be decided on the papers.

In the event the court grants defendant's motion based on improper venue, the preliminary injunction schedule set forth above shall be vacated. If the court does not grant defendant's motion, plaintiffs shall proceed in accordance with the above.

**IT IS SO ORDERED.**

Dated: November 27, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge