L. Eric Dowell, SBN 011458 (Pro Hac Vice)
Alec Hillbo, SBN 020185 (Pro Hac Vice)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., SBN 0504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Fax: (602) 778-3750
Email: Eric.Dowell@ogletreedeakins.com
Email: Alec.Hillbo@ogletreedeakins.com

Attorneys for Defendant Janet Davis

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation; MV Public Transportation, Inc., a California corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>JANET DAVIS; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. CV07-5712<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER OR DISMISS**<br><br>**AND**<br><br>**WITHDRAWAL OF MOTION TO TRANSFER OR DISMISS** |

## ISSUE PRESENTED

The issue presented to the Court is whether venue is appropriate in the Northern District of California. Because the Court's ruling on November 21, 2007 eliminated any relief premised on the Employment Agreement (which called for jurisdiction and venue in the District of Arizona), Davis withdraws the motion to dismiss or transfer as set forth in detail below.

…
…

**ANALYSIS**

As plaintiffs note, "several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642. Under that principle, however, it does not necessarily follow that all the instruments are one agreement. *See Malmstedt v. Stillwell*, 110 Cal. App. 393, 397-98 (1930). In fact, in the context of a forum selection clause, courts hold it is more appropriate to look to the language of the agreements to determine which causes of action are governed by forum selection clauses. *See Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1434 (N.D. Cal.1997) (citing *Manetti-Farrow, Inc. v. Gucci America*, 858 F.2d 509, 509 (9th Cir. 1988)). *See also Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216 (5th Cir. 1998).

When plaintiffs filed their complaint for injunctive relief, plaintiffs premised their relief against Davis under the Non-Competition Agreement and the Employment Agreement. (*See* Complaint at ¶¶ 41, 42) (discussing violation of non-compete and breach of Employment Agreement).[1] The Non-Competition Agreement has no forum selection clause. The Employment Agreement calls for jurisdiction and venue in Arizona.[2]

Davis moved to dismiss or transfer the action to the District of Arizona. Davis argued that jurisdiction and venue were appropriate in Arizona because claims arose out of the Employment Agreement.[3] *See* Davis's Motion to Dismiss or Transfer for Improper Venue at p. 7-8).

---

[1] In passing, Plaintiffs refer to a breach of the Share Purchase Agreement but do not specify which, if any, provisions of the SPA were breached.

[2] The Employment Agreement, paragraph 9, states, "The parties hereby consent to the jurisdiction of, and proper venue in, the federal and state courts located in Tucson, Arizona." Plaintiffs contend that this quoted language merely calls for entry of an arbitration verdict in Tucson when read in context with the preceding sentence of paragraph 9. This contention is disingenuous. Under plaintiffs' contention, the language "and proper venue in" would be rendered superfluous. It is clear that paragraph 9 is a forum selection clause calling for jurisdiction and venue in Tucson, Arizona.

[3] Davis also noted that the Non-Competition Agreement was silent as to forum selection.

2

The Court's ruling on November 21, 2007 limited the scope of plaintiffs' order to show cause to the non-compete covenant, *i.e.,* a claim arising out of the Non-Competition Agreement. (*See* Transcript of Proceedings, November 21, 2007 at p. 47) (granting order to show cause only with respect to prohibiting Davis from continued employment with Veolia). That is, the Court excluded any injunctive relief premised on the Employment Agreement.

With the Employment Agreement removed from the analysis, the issue then is whether venue in the Northern District of California is appropriate under the claim arising out of the Non-Competition Agreement. On the one hand, the Non-Competition Agreement refers to the terms of the Share Purchase Agreement ("SPA"). (Non-Competition Agreement at Recitals ¶¶ 3, 4). The SPA, in turn, calls for venue and jurisdiction in the Northern District of California. (SPA at ¶ 8.8). On the other hand, the Non-Competition Agreement contains an integration clause[4] and the Non-Compete Agreement lacks any express language incorporating the forum selection clause of the SPA. In plaintiffs' response, they contend that the forum selection clause of the SPA is exclusive and controlling.

Research for this brief uncovered no published decisions in the Ninth Circuit on whether the forum selection clause of one agreement applies to a related agreement that is silent with respect to forum selection.[5]

Cases from other jurisdictions are split. Some courts find that if the parties intended for there to be a forum selection clause or incorporate the forum selection clause from another agreement, they could have done so expressly. *See, e.g., Packer v. TDI Systems,*

---

[4] *See* ¶ 3.05, noting this is "the entire agreement between the parties dealing with the *specific subject matter* treated herein and superseding all negotiations, prior discussions, and written agreements.") (emphasis added).

[5] One unpublished decision providing guidance is *Nextrade, Inc. v. Hyosung (America), Inc.*, 2005 WL 348400 (9th Cir. 2005) (holding that forum selection clause from distributorship agreement applied to claims arising out of a related employment agreement).

*Inc.*, 959 F. Supp. 192, 198 (S.D.N.Y.1997). Other cases find that a forum selection clause from one agreement applies to claims arising out of a related agreement that is silent with respect to forum selection. *See Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*, 123 F.Supp.2d 569, 579 (D. Kan. 2000); *Kessmann & Assoc., Inc. v. Barton-Aschman Assoc., Inc.*, 10 F.Supp.2d 682, 691-92 (S.D. Tex. 1997).

Because of the lack of published law in the Ninth Circuit on this point and an underdeveloped record which will certainly influence an important point of law, Davis will withdraw her motion to transfer or dismiss. It is appropriate to leave this case before this Court because the case is limited to requested injunctive relief under the non-competition covenant. The non-competition covenant is unenforceable as a matter of California law and plaintiffs' injunctive relief likely will be denied in short order. Because this Court already heard evidence and reviewed the pleadings, it would serve judicial economy to retain the matter in this Court for the expected short-remaining duration of the case.

## CONCLUSION

In light of the Court's order, Davis withdraws her motion to transfer or dismiss without prejudice to later argue that: (1) plaintiffs waived their right to arbitrate; (2) any claims arising out of the Employment Agreement must be brought in Arizona; and (3) the Non-Competition Agreement does not integrate the forum selection clause of the Share Purchase Agreement.

DATED this 12th day of December 2007.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By: s/ L. Eric Dowell
         L. Eric Dowell
         Alec Hillbo
         2415 East Camelback Road, Suite 800
         Phoenix, Arizona  85016
         Attorneys for Defendant Janet Davis

## PROOF OF SERVICE

I hereby certify that I served a copy of the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER OR DISMISS AND WITHDRAWAL OF MOTION TO TRANSFER OR DISMISS on:

Alex James Kachmar
Charles I. Post
Dale Curtis Campbell
Weintraub Genshlea Chediak
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Attorneys for Plaintiff

[☒] by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said counsel and deposited in the U.S. mail at Phoenix, Arizona on the date set forth below;

[ ] by causing a copy thereof to be hand-delivered to said counsel's address as shown above on the date set forth below;

[ ] by faxing a copy thereof to said counsel on the date set forth below;

[ ] by emailing a copy thereof to said counsel as set forth above; or

[☒] by using CM/ECF electronic service.

DATED this 12th day of December, 2007.

By: /s L. Eric Dowell, Pro Hac Vice
L. Eric Dowell

5384364.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700