L. Eric Dowell, SBN 011458 (Pro Hac Vice)
Alec Hillbo, SBN 020185 (Pro Hac Vice)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., SBN 0504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Fax: (602) 778-3750
Email: Eric.Dowell@ogletreedeakins.com
Email: Alec.Hillbo@ogletreedeakins.com

Attorneys for Defendant Janet Davis

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation; MV Public Transportation, Inc., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>JANET DAVIS; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. CV07-5712-PJH<br><br>**ANSWER AND COUNTERCLAIM** |

Defendant Janet Davis ("Davis") hereby answers plaintiffs MV Transportation, Inc. and MV Public Transportation's Complaint as follows:

FACTUAL ALLEGATIONS

1. Davis admits the allegations contained in the first sentence of paragraph 1. and denies the remaining allegations.

2. Davis admits, on information and belief, the allegations contained in the first and second sentences of paragraph 2. The remainder of the allegations in paragraph 2 set forth an abbreviation to which no response is required.

3. Davis admits the allegations contained in the first, second, and third sentences of paragraph 3 and denies the remaining allegations.

4. The allegations in paragraph 4 call for a legal conclusion to which no response is required.

5. Davis denies the allegations in paragraph 5.

6. Davis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

7. Davis denies the allegations in paragraph 7 and affirmatively alleges that jurisdiction may be appropriate in the District of Arizona because the Employment Agreement calls for jurisdiction in the District of Arizona.

8. Davis denies the allegations in the first, second, and third sentences of paragraph 8 except to admit that Exhibit 1 appears to be a copy of the Share Purchase Agreement which documents speaks for itself.

9. Davis admits, on information and belief, the allegations in paragraph 9.

10. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies the same.

11. Answering the first sentence of paragraph 11, Davis admits that MV, LM, and LM's shareholders entered into the Share Purchase Agreement and affirmatively alleges that such document speaks for itself and denies the remaining allegations. Davis admits the allegations in sentence two of paragraph 11. As for sentence three, Davis responds as follows:

 a. Davis admits the allegations in paragraph 11(a).

 b. Davis admits that she executed a non-competition agreement and denies the remaining allegations in paragraph 11(b).

 c. Davis is without knowledge or information sufficient to form a belief as to the allegations in paragraph 11(c) and therefore denies the same.

 d. Davis admits the allegations in paragraph 11(d).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

12. Davis denies the allegations in the first sentence of paragraph 12. Responding to the allegations in sentence two, Davis responds that Paragraphs 12(a) and 12(b) refer to the Share Purchase Agreement which document speaks for itself.

13. Answering paragraph 13, Davis admits that she and the other shareholders executed the Share Purchase Agreement and that Exhibit 2 appears to be a copy of the Non-Competition Agreement which document speaks for itself.

14. Answering paragraph 14, Davis admits that she executed the Non-Competition Agreement and affirmatively alleges that the Non-Competition Agreement speaks for itself. Davis affirmatively alleges that although paragraph 14 purports to quote the Non-Competition Agreement, such quotations are not entirely accurate.

15. Answering the first sentence of paragraph 15, Davis affirmatively alleges that the Share Purchase Agreement and the Non-Competition Agreement speak for themselves and denies the remaining allegations. Answering the second sentence of paragraph 15, Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

16. Davis denies the allegations in paragraph 16.

17. Answering paragraph 17, Davis admits she executed the Employment Agreement on December 1, 2003, admits that Exhibit 3 appears to be a copy of the Employment Agreement, and affirmatively alleges that the Employment Agreement speaks for itself.

18. Davis admits, on information and belief, the allegations in paragraph 18.

19. Davis admits the allegations in the first and fifth sentences of paragraph 19. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two, three, and four of paragraph 19 and therefore denies the same. Answering sentence six, Davis admits that Exhibit 4 appears to be a copy of the Amendment to Employment Agreement dated January 13, 2005 and affirmatively alleges that the document speaks for itself.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

20. Davis admits the allegations contained in the first, second, third, and fourth sentences of paragraph 20. Answering sentence five, Davis admits that Exhibit 4 appears to be a copy of the Amendment to Employment Agreement dated January 1, 2006 and affirmatively alleges that the document speaks for itself.

21. Davis admits the allegations in paragraph 21.

22. Davis admits the allegations in paragraph 22.

23. Davis admits the allegations in sentences one and two of paragraph 23. Answering the third sentence of paragraph 23, Davis affirmatively alleges that she was responsible for aspects of MV's information technology such as installing and using software and denies the remaining allegations.

24. Davis is without knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 24 and therefore denies the same. Answering the second sentence of paragraph 24, Davis affirmatively alleges that she was responsible for aspects of MV's information technology and denies the remaining allegations.

25. Davis is without knowledge or information sufficient to form a belief as to the allegations in paragraph 25 and therefore denies the same.

26. Davis affirmatively alleges that paragraph 26 refers to the Employment Agreement and that such document speaks for itself and denies the remaining allegations. Davis affirmatively alleges that paragraph 26 does not completely quote section 6.1 of the Employment Agreement.

27. Davis affirmatively alleges that paragraph 27 refers to the Employment Agreement and that such document speaks for itself and denies the remaining allegations. Davis affirmatively alleges that paragraph 27 does not completely quote section 6.2 or section 9 of the Employment Agreement.

28. Davis admits the allegations in sentence one of paragraph 28. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two of paragraph 28. Answering the third sentence of paragraph

28, Davis affirmatively alleges that she started employment with Veolia on October 23, 2007.

29.   Davis is without knowledge or information sufficient to form a belief as to the allegations in the first and third sentences of paragraph 29. Answering the second sentence of paragraph 29, Davis admits that MV and Veolia provide some similar services to their customers.

30.   Davis denies the allegations in paragraph 30.

31.   Davis denies the allegations in the first, third, fourth, fifth, and sixth sentences of paragraph 31. Davis admits, on information and belief, the allegations contained in the second sentence of paragraph 31. Davis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the seventh sentence of paragraph 31.

32.   Davis is without knowledge or information sufficient to form a belief as to the allegations in the first, second, third, fourth, and fifth sentences of paragraph 32 and therefore denies the same except that Davis admits that Access Services had an informational meeting and a Veolia representative was present. Davis denies the allegations contained in the sixth sentence of paragraph 32.

33.   Davis is without knowledge or information sufficient to form a belief as to the allegations in paragraph 33 and therefore denies the same.

34.   Answering paragraph 34, Davis admits that she and Christopher Bryan accepted employment with Veolia and their job responsibilities entail information technology work.

35.   Answering paragraph 35, Davis affirmatively alleges that the Non-Competition Agreement is a document which speaks for itself and denies the remaining allegations.

36.   Answering paragraph 36, Davis affirmatively alleges that the Share Purchase Agreement, Non-Competition Agreement, and Employment Agreement all speak for themselves and deny the remaining allegations in paragraph 36.

1    37.    Answering paragraph 37, Davis admits that she received a letter dated November 7, 2007 from MV and denies the remaining allegations.

## FIRST CAUSE OF ACTION

(Preliminary and Permanent Injunctive Relief)

(Against Davis and Does 1 through 20)

38.    Davis realleges and incorporates by reference each and every response and allegation set forth in the preceding paragraphs as though fully set forth herein.

39.    Davis denies the allegations in paragraph 39.

40.    Davis denies the allegations in paragraph 40.

41.    Davis denies the allegations in paragraph 41.

42.    Davis denies the allegations in paragraph 42.

## **AFFIRMATIVE DEFENSES**

For her affirmative defenses to the Complaint for Preliminary and Permanent Injunctive Relief, Davis alleges as follows:

1.    The Complaint fails to states, in whole or in part, a claim upon which relief can be granted.

2.    The Court lacks jurisdiction over the person.

3.    The matter was brought in an improper venue.

4.    Plaintiffs' claim is barred, in whole or in part, by the doctrine of unclean hands.

5.    Plaintiffs' claim is barred, in whole or in part, by its failure to mitigate damages.

6.    Plaintiffs' claim is barred, in whole or in part, by estoppel and/or waiver.

7.    The requested injunctive relief is overbroad.

WHEREFORE, having answered plaintiffs' Complaint, Davis respectfully requests judgment in her favor as follows:

A.    That plaintiffs' Complaint be dismissed with prejudice and plaintiffs take nothing thereby;

B. That Davis be awarded her attorneys' fees and costs;

C. That Davis be awarded pre and post judgment interest on the foregoing costs and attorneys' fees at the maximum rate allowed by law; and

D. Davis be awarded such other relief as the Court may deem just and proper.

## COUNTERCLAIMS

Counterclaimant Janet Davis, for her counterclaim, alleges as follows:

### JURISDICTION AND PARTIES

1. Counterclaimants contend that jurisdiction and venue are appropriate under 28 U.S.C. § 1332 and 28 U.S.C. § 1391(a)(2). To the extent jurisdiction and venue are appropriate in this Court, this Court would have pendent jurisdiction over these state law claims.

2. Counterdefendant MV Transportation, Inc. is a California corporation with its principal place of business in California.

3. Counterdefendant MV Public Transportation, Inc. is a California corporation with its principal place of business in California. MV Public Transportation, Inc. is a wholly owned subsidiary of MV Transportation, Inc.

### COUNTERCLAIM I

**(Unpaid Wages and Unpaid Vacation Time)**

**("Waiting Time" Penalty)**

**(MV Transportation, Inc. and MV Public Transportation, Inc.)**

4. Counterdefendants are subject to the provisions of the California Labor Code, §§ 200 *et seq*.

5. At the time of her resignation, Davis was an employee of MV Public Transportation, Inc.

6. Counterdefendants have violated the California Labor Code by failing to timely pay Davis her unpaid wages. These wages include accumulated vacation and unpaid reimbursement expenses.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

7.  At the time of her resignation, Davis had accumulated three weeks' vacation time valued at $12,980. Davis also had accumulated $2,598.96 in expense reimbursements associated with her position.

8.  Davis has made a demand for the earned but unpaid wages. Despite these demands, counterdefendants have not paid any portion of the accumulated vacation time and unpaid reimbursement expenses.

9.  As a result of counterdefendants' wilful violation of the California Labor Code, Davis has suffered damages in the total amount of $15,578.96.

10. Davis is also entitled to the "waiting time" penalty as set forth in California Labor Code § 203. Davis's annual salary, as specified in the Employment Agreement was $225,000. Her weekly salary was $4,326.92 ($225,000/52). Davis's hourly rate was $108.17 ($4,326.92/40). Her daily rate is $865.39 ($108.17*8). Accordingly, the thirty-day waiting penalty is $25,961.54 ($865.39*30).

## COUNTERCLAIM II

## BREACH OF CONTRACT

### (MV Public Transportation, Inc.)

11. Davis realleges and incorporates herein by reference paragraphs one through nine as if set forth in full.

12. Davis entered into the Employment Agreement with Local Motion ITS, Inc. on December 1, 2003. (*See* Exhibit 3 to plaintiffs' Complaint.) The Employment Agreement was amended most recently on January 1, 2006 at which time the Agreement was assigned to MV Public Transportation, Inc. (*See id.* at Exhibit 5.) At that time, Davis became an employee of MV Public Transportation, Inc.

13. The Employment Agreement specifies that counterdefendant MV Public Transportation will pay Davis vacation time and will reimburse her for expenses.

14. Counterdefendant MV Public Transportation breached the Employment Agreement by failing to pay Davis vacation time and reimburse her for expenses.

15. Davis has been damaged in the amount of $15,578.96.

16. Under the Employment Agreement, Davis is entitled to her attorneys' fees required to initiate this counterclaim.

**PRAYER FOR RELIEF**

WHEREFORE, counterclaimant Davis, on behalf of herself, respectfully requests:

A. Damages in the amount of $15,578.96 plus the waiting time penalty of $25,961.54 as specified in Cal. Labor Code § 203 for wilful violation of the law;

B. Reasonable attorneys' fees and costs;

C. Pre and post-judgment interest; and

D. Any and all other such relief to which she is entitled.

DATED this 27th day of December 2007.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

By: s/ Alec Hillbo
    L. Eric Dowell
    Alec Hillbo
    2415 East Camelback Road, Suite 800
    Phoenix, Arizona 85016
    Attorneys for Defendant Janet Davis

## PROOF OF SERVICE

I hereby certify that I served a copy of the foregoing ANSWER on:

Alex James Kachmar
Charles I. Post
Dale Curtis Campbell
Weintraub Genshlea Chediak
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Attorneys for Plaintiff

☒ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said counsel and deposited in the U.S. mail at Phoenix, Arizona on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said counsel's address as shown above on the date set forth below;

☐ by faxing a copy thereof to said counsel on the date set forth below;

☐ by emailing a copy thereof to said counsel as set forth above; or

☒ by using CM/ECF electronic service.

DATED this 27th day of December, 2007.

By:  /s L. Eric Dowell, Pro Hac Vice
     L. Eric Dowell

5384364.1