Dale C. Campbell, State Bar No. 99173
Charles L. Post, State Bar No. 160443
James Kachmar, State Bar No. 216781
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiffs and Counterdefendants
MV Transportation, Inc. and
MV Public Transportation, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation; and MV PUBLIC TRANSPORTATION, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>JANET DAVIS; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 3:07-cv-05712-PJH<br><br>ANSWER OF COUNTERDEFENDANTS TO COUNTERCLAIM<br><br>The Hon. Phyllis J. Hamilton |

Counterdefendants MV Transportation, Inc. and MV Public Transportation, Inc. (collectively, "MV") hereby answer counterclaimant Janet Davis ("Davis") as follows:

///

///

///

{12700/16315/DCC/1024896.DOC;}  1  Answer to Counterclaim

## JURISDICTION AND PARTIES

1. MV denies that jurisdiction is proper in the federal court as Davis is required to arbitrate her claims in accordance with the terms and conditions of her Employment Agreement with MV referenced in the counterclaim. MV admits that venue is proper in California.

2. MV admits the allegations of paragraph 2.

3. MV admits the allegations of paragraph 3.

## COUNTERCLAIM I

### (Arizona Wage Act Violation)

### (MV Transportation, Inc. and MV Public Transportation, Inc.)

4. MV repeats and incorporates by reference its responses to paragraphs 1 through 3 above as if fully set forth herein.

5. The allegations in paragraph 5 of the counterclaim contain legal conclusions to which a response is not required. Notwithstanding, MV acknowledges that the provisions of the Arizona Wage Act may apply to MV's relationship with certain of its employees who are residents of Arizona. Except as expressly admitted, MV denies generally and specifically the remaining allegations of paragraph 5.

6. MV admits that Davis was an employee of MV Public Transportation, Inc. at the time of her resignation, that she was a resident of Arizona, and that she performed services partly within the State of Arizona. MV expressly denies that Davis performed services "wholly" within the State of Arizona.

7. MV denies generally and specifically each and every allegation of paragraph 7.

8. MV denies generally and specifically each and every allegation of paragraph 8.

9. MV denies that Davis made a demand for unpaid wages at any time prior to filing of the counterclaim. MV further denies that Davis is entitled to be paid any portion of claimed unpaid wages.

10. MV denies generally and specifically each and every allegation of paragraph 10.

///

1  11.  MV denies generally and specifically each and every allegation of paragraph 11.

### COUNTERCLAIM II

### (Breach of Contract)

### (MV Public Transportation, Inc.)

12.  MV repeats and incorporates by reference its responses to paragraphs 1 through 11 above as if fully set forth herein.

13.  MV admits the allegations of paragraph 13.

14.  MV denies generally and specifically each and every allegation of paragraph 14.

15.  MV denies generally and specifically each and every allegation of paragraph 15.

16.  MV denies generally and specifically each and every allegation of paragraph 16.

17.  MV denies generally and specifically each and every allegation of paragraph 17.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to Pursue Arbitration)

As and for an affirmative defense to all claims for relief, MV alleges:

18.  The Employment Agreement under which Davis brings this counterclaim requires this dispute to be arbitrated and MV hereby demands arbitration. MV, by filing this answer, does not waive its right to compel arbitration if Davis continues to refuse to comply with the arbitration provision of the Employment Agreement.

/ / /

/ / /

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

As and for an affirmative defense to all claims for relief, MV alleges:

19. The counterclaim, and all of its causes of action contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

As and for an affirmative defense to all claims for relief, MV alleges:

20. By reason of Davis's acts and conduct in the matters which are the subject of the complaint and the counterclaim, Davis is barred from obtaining the relief sought in the counterclaim, or any other relief whatsoever, by virtue of the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

As and for an affirmative defense to all claims for relief, MV alleges:

21. By reason of Davis's own conduct, Davis is estopped to complain of the acts of MV.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

As and for an affirmative defense to all claims for relief, MV alleges:

22. By reason of Davis's conduct, Davis has waived her right to assert each and all of the claims contained in the counterclaim.

## SIXTH AFFIRMATIVE DEFENSE

(Offset)

As and for an affirmative defense to all claims for relief, MV alleges:

23. MV alleges that Davis's actions resulted in losses to MV as alleged in MV's complaint which should be an offset in the event any award is rendered in favor of Davis.

///
///

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

As and for an affirmative defense to all claims for relief, MV alleges:

24. Davis has failed to mitigate its damages, if any, and Davis is therefore precluded from any recovery under the counterclaim.

## EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

As and for an affirmative defense to all claims for relief, MV alleges:

25. MV currently has insufficient knowledge or information upon which to form a belief as to whether MV may have additional, as yet unstated, affirmative defenses available. MV reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, MV prays for judgment as follows:

1. that Davis take nothing from MV by reason of the counterclaim;
2. that MV be awarded its costs of suit incurred in the defense of the counterclaim;
3. that MV be awarded its attorneys' fees, costs, and other expenses incurred in the defense of the counterclaim; and
4. for such other and further relief as the Court deems just and proper.

Dated: March 21, 2008

Respectfully submitted,

WEINTRAUB GENSHLEA CHEDIAK
Law Corporation

By: /S/ Dale C. Campbell
Dale C. Campbell
California State Bar No. 99173

Attorneys for Plaintiffs and Counterdefendants MV Transportation, Inc. and MV Public Transportation, Inc.