Dale C. Campbell, State Bar No. 99173
Charles L. Post, State Bar No. 160443
James Kachmar, State Bar No. 216781
weintraub genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: (916) 558-6000
Facsimile: (916) 446-1611
Email: dcampbell@weintraub.com
Email: cpost@weintraub.com
Email: jkachmar@weintraub.com

Attorneys for Plaintiffs and Counterdefendants
MV Transportation, Inc. and
MV Public Transportation, Inc.

L. Eric Dowell, SBN 011458 (Pro Hac Vice)
Alec Hillbo, SBN 020185 (Pro Hac Vice)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., SBN 0504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Email: Eric.Dowell@ogletreedeakins.com
Email: Alec.Hillbo@ogletreedeakins.com

Attorneys for Defendant and Counterclaimant Janet Davis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation; and MV PUBLIC TRANSPORTATION, a California corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>JANET DAVIS; and DOES 1 through 20, inclusive,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 3:07-cv-05712-PJH<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: May 1, 2008<br>Time: 2:30 p.m.<br>Courtroom 3, Hon. Phyllis J. Hamilton |

{12700/16315/DCC/1033047.DOC;}        1        Joint Case Management Statement

Pursuant to the Order Setting Initial Case Management Conference, dated February 12, 2008 (Docket No. 37), counsel for plaintiffs and counterdefendants MV Transportation, Inc. and MV Public Transportation (collectively, "MV") and defendant and counterclaimant Janet Davis ("Davis") submit the following joint case management statement.

1. **Jurisdiction and Service:** Both parties agree that jurisdiction is proper based upon diversity of citizenship under 28 U.S.C. § 1332 and that venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2). All parties to the litigation have been served and have filed answers.

2. **Facts:** MV is a business that operates a variety of transportation systems for public entities, transit districts, and private companies throughout the United States. Davis held vice president positions with MV or one of its subsidiaries from December 2003 until October 2007. Davis became an employee of MV when MV purchased an eighty percent (80%) controlling interest in a company known as Local Motion ITS, Inc., a Virginia corporation. Davis was an officer and one of four shareholders of Local Motion. The Share Purchase Agreement included the requirement that each selling shareholder execute a Non-Competition Agreement as part of the consideration for the sale of Local Motion. MV contends that this Non-Competition Agreement is fully enforceable and prohibits Davis for a period of five years from working for a competitor, from soliciting any of MV's customers or clients, and from attempting to induce any employee of MV to leave MV for a period of five (5) years. The Non-Competition Agreement expires November 30, 2008. Davis also signed an Employment Agreement, which was modified from time to time. The Employment Agreement contained provisions protecting MV's trade secrets, confidential, and proprietary information.

Davis resigned her position at MV in October 2007. Davis became an officer and employee of a competitor of MV by the name of Veolia Transportation ("Veolia").

Following Davis's departure, MV issued Davis a cease-and-desist letter expressing MV's position that Davis had violated the terms of the Non-Competition Agreement by accepting a position at Veolia and violated the non-solicitation and trade secret provisions of the

///

Employment Agreement. MV contends that, in these notices, it advised Davis of its intent to arbitrate pursuant to the written agreements.

MV initiated this lawsuit seeking only a temporary restraining order and preliminary injunction preventing Davis from continuing her employment with Veolia and from soliciting employees of MV. MV also sought the return of any and all trade secret, proprietary, or confidential information belonging to MV.

Davis filed counterclaims against MV which contend that Davis is owed wages for unused vacation, unreimbursed expenses, and statutory penalties under (1) the Arizona wage laws and/or (2) her employment agreement with MV.

Each party denies any liability to the other.

3.  **Legal Issues**: The fundamental disputed points of law concern the enforceability of the Non-Competition Agreement and whether Davis was entitled to receive payment for unused vacation under Arizona law.

MV contends that the Share Purchase Agreement constituted a sale of goodwill and, therefore, the Non-Competition Agreement is enforceable pursuant to California Business and Professions Code section 16601. Davis, on the other hand, contends that the restrictive covenants in the Non-Competition Agreement are unenforceable because, among other reasons, the Share Purchase Agreement did not involve the sale of all of Davis's shares in Local Motion and, thus, does not qualify for the limited exception for noncompete agreements under Business and Professions Code section 16601, and remains unenforceable under Business and Professions Code section 16600.

With respect to Davis's claim for unpaid vacation, Davis contends that she was entitled to be paid for unused vacation pursuant to the Arizona Wage Act (Arizona Revised Statutes §§ 23-350 *et seq.*) and under her employment agreement with MV. MV, on the other hand, contends that the Arizona Wage Act provides that MV is required to pay unused vacation only if MV has a policy to do so. MV's policies expressly provide that a departing employee is not entitled to be paid for unused vacation unless the employee's state of residence so requires.

///

4. <u>Motions</u>:

<u>Past Motions</u>: MV's request for a temporary restraining order was heard by this Court on November 21, 2007. The Court denied the temporary restraining order, but issued an order showing cause for a preliminary injunction on the limited issue whether Davis should be prohibited from competing against MV. The order provided that "The parties may conduct discovery as to this issue in preparation for the preliminary injunction hearing. Discovery shall be completed within eight weeks of the date of this order, at the close of which plaintiffs shall file their motion for preliminary injunction, in accordance with the 35 day briefing schedule contemplated by the local rules of this court." The parties disputed the scope and timing of several document demands and deposition notices under the Court's November 27, 2007 order, and no discovery was conducted. MV elected not to pursue the motion for preliminary injunction based upon settlement discussions then in process.

Davis filed a motion to dismiss or transfer. MV filed an opposition, and Davis withdrew the motion.

<u>Future Motions</u>: MV contends that all of the disputes currently before this Court are subject to written arbitration provisions. MV has attempted to convince Davis to proceed to arbitration, but Davis has so far declined. MV elected to answer the counterclaim and expressly preserve its right to bring a motion to compel arbitration before any additional discovery or substantive issues are resolved by this Court. If the case does not settle, MV intends to bring a motion to compel arbitration of the complaint and counterclaims, as well as additional claims for monetary damages relating to MV's claim that Davis violated the Non-Competition Agreement and non-solicitation clause and misappropriated trade secrets and confidential information.

Davis intends to file a motion for judgment on the pleadings and/or a motion for summary judgment on the enforceability of the non-competition covenant. She also intends to file a motion for summary judgment on the failure to pay her accrued but unused vacation and her business expenses. Davis intends to seek attorneys' fees and costs.

///

5.  **Amendment of Pleadings:** MV will amend its complaint to add causes of action for monetary damages in the event this matter is not compelled into arbitration.

6.  **Evidence Preservation:** MV has implemented steps to preserve evidence, including preservation of Davis's laptop and the laptop of Christopher Bryan who left MV with Davis to join Veolia. MV has also worked with its IT department to preserve electronic data concerning evidence relevant to the issues in this action. MV has demanded that Davis return any and all electronic data from MV in her possession. MV has been advised that Davis does have electronic data in her possession, but she has, to date, not returned it to MV.

Davis has collected the files and electronic storage devices (including a thumb drive) that were in her possession and provided them to her counsel. Such files and storage devices are available for pick up/delivery. Ms. Davis also has agreed to allow an MV representative to gain remote access to Ms. Davis's home computer to inspect that her home computer does not contain any MV information.

7.  **Disclosures:** The parties have been attempting to settle this matter and have not yet exchanged initial disclosures. The parties suggest that this Court order that initial disclosures be made 30 days after the Case Management Conference unless the matter is ordered to an early settlement conference as requested.

8.  **Discovery:**

**Past Discovery:** The Court's Order to Show Cause re Preliminary Injunction dated November 27, 2007 authorized the parties to conduct discovery. Although discovery requests were exchanged, the parties disputed whether the exchanges were timely and no further action was taken on that discovery in light of MV's decision to not yet pursue the motion for preliminary injunction.

The parties do not suggest any changes or requirement for disclosures under Rule 26(a). The parties suggest that the initial disclosures be made May 30, 2008

The parties suggest that discovery be completed on the schedule set forth below and do not foresee any issue concerning disclosure or discovery of electronically-stored information.

///

The parties do anticipate the need for a stipulated protective order to protect any trade secret, confidential, or other proprietary information from public disclosure.

The parties tentatively agree upon and respectfully request this Court adopt the following dates for conducting discovery:

- Percipient witness discovery to be completed by 1/30/09;
- Expert witness reports shall be served by 2/27/09;
- Rebuttal expert reports shall be served by 3/27/09; and
- Expert discovery shall be completed by 4/24/09.

The parties do not request any changes to the limitations on discovery imposed by the Federal Rules or Local Rules.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: Not applicable.

11. <u>Relief</u>: MV's complaint currently seeks only injunctive relief to enforce the terms and conditions of the Non-Competition Agreement and the proprietary information provisions of Davis's Employment Agreement. MV will also seek attorneys' fees and costs.

Davis's counterclaim seeks damages in the amount of $15,578.96 for three weeks' unpaid vacation time and unreimbursed expenses. Davis contends this amount should be tripled pursuant to the Arizona Wage Act, for a total recovery of $46,736.88. Davis also will seek attorneys' fees and costs.

12. <u>Settlement and ADR</u>: Counsel for the parties have a good working relationship and are cautiously optimistic about the possibility of early settlement. The parties have actively engaged in settlement negotiations, but have not yet been able to bridge the gap. The parties request a settlement conference with the Magistrate Judge in an effort to bring this matter to conclusion before any additional motions are filed or discovery is conducted. MV requests that the Court direct Davis to have a representative from Veolia available by telephone since the settlement terms may impact some aspect of her employment with Veolia. In turn, Davis has confirmed that a representative from her employer, Veolia, and Veolia's counsel, would be

///

amenable to being available by telephone in the event they are needed to facilitate settlement issues.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties are not prepared at this time to consent to have the Magistrate Judge conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>: MV contends that this matter should be referred to binding arbitration pursuant to contract.

15. <u>Narrowing of Issues</u>: A resolution of whether the Arizona Wage Act obligates an employer to pay unused vacation upon the employee's departure would expedite whether Davis is entitled to recover any damages under her counterclaim.

16. <u>Expedited Schedule</u>: The parties submit the only expedited schedule from which this case would benefit would be an early settlement conference with the Magistrate Judge.

17. <u>Scheduling</u>: The parties propose the following dates:

   (i) Discovery cutoff as set forth in paragraph 8, above;

   (ii) Dispositive motions shall be heard no later than 5/30/09;

   (iii) The pretrial conference shall be conducted on 8/3/09; and

   (iv) The trial date shall be set for 9/14/09;

18. <u>Trial</u>: The case involves both legal and equitable issues, part of which would be tried to the jury and part of which would be tried to the Court. MV estimates a trial length of five to ten days. Davis estimates a trial length of four days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: The parties have filed their respective Certificate of Interested Entities or Persons along with this Joint Case Management Statement. The parties hereby restate that the only interested entity is Veolia Transportation, Inc. ("Veolia"), the current employer of Davis, which has an interest in this litigation because MV seeks to enjoin Davis from continuing her employment with Veolia.

///

///

///

20. <u>Other Matters</u>: The parties are not aware of any other matters to bring to the Court's attention at this time.

Dated: April 24, 2008

WEINTRAUB GENSHLEA CHEDIAK
Law Corporation

By: /S/ Dale C. Campbell
Dale C. Campbell
Attorneys for Plaintiffs and Counterdefendants
MV Transportation, Inc. and
MV Public Transportation, Inc.

Dated: April 24, 2008

OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.

By: /S/ Alec Hillbo
Alec Hillbo
Attorneys for Defendant and Counterclaimant
Janet Davis