Dale C. Campbell, State Bar No. 99173
Charles L. Post, State Bar No. 160443
James Kachmar, State Bar No. 216781
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiffs and Counterdefendants
MV Transportation, Inc. and
MV Public Transportation, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MV TRANSPORTATION, INC., a California corporation; and MV PUBLIC TRANSPORTATION, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>JANET DAVIS; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 3:07-cv-05712-PJH<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>The Hon. Phyllis J. Hamilton |

Discovery in this action may involve the disclosure of business, financial, proprietary, and technical information considered by the disclosing party to be confidential. The parties hereby stipulate and agree, by and through their respective attorneys, that the terms and conditions of this Stipulated Protective Order shall govern the handling of all information in

///

whatever form exchanged and that discovery in this action shall proceed under a protective order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED that the following shall control the handling of confidential information in this action:

1.   "Confidential Material."  As used herein, the term "Confidential Material" will refer to any answer, testimony, document, article, information, or thing, or any portion or portions thereof, produced or disclosed in discovery in this action that contains information that constitutes a trade secret or other confidential research, development, proprietary, financial or commercial information that is confidential and proprietary to the disclosing party or non-party and is not publicly available or accessible.  All copies of materials properly designated as "Confidential Material," and all extracts, abstracts, charts, summaries, and notes made from materials properly designated as "Confidential Material" shall be Confidential Material.

2.   "Highly Confidential Material."  As used herein, the term "Highly Confidential Material" will refer to any answer, testimony, document, article, information, or thing, or any portion or portions thereof, produced or disclosed in discovery in this action that contains information that constitutes trade secret or other confidential research, development, financial or commercial information that is confidential and proprietary to the disclosing party or non-party and is not publicly available or accessible and which the disclosing party or non-party reasonably and in good faith believes is more sensitive than Confidential Material, such that the party receiving the information could utilize it against the disclosing party or non-party to gain a competitive or other advantage unrelated to the merits of this action.

3.   Designation of Confidential Material and Highly Confidential Material.  Any party or non-party may designate as Confidential Material or Highly Confidential Material any information produced to a party during discovery that, in good faith, the producing party believes to contain Confidential Material or Highly Confidential Material.  The party making such designation shall take all reasonable efforts to designate only the specific portions of the information that the party or non-party believes contains Confidential Material or Highly Confidential Material.

4. *Marking of Items*.  Any party or non-party may designate any item as Confidential Material by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, the following notice: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER, MV v. Davis."  Any party or non-party may designate any item as Highly Confidential Material by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, the following notice: "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY: SUBJECT TO PROTECTIVE ORDER, MV v. Davis."  In the case of depositions, the above designations may be made by counsel on the record or as provided in paragraph 12 below.

5. *Confidentiality to be Maintained*.  Except as agreed by the designating party or non-party, as ordered by a court of competent jurisdiction, or as otherwise provided herein, information designated Confidential Material or Highly Confidential Material shall be maintained confidential by the party or individual to whom it is furnished and may be disclosed and used by that party only for the purpose of this litigation and shall not be disclosed, used, published, hosted or disseminated for any other purpose.

6. *Access to Confidential Material*.  Access to Confidential Material furnished to a party shall be restricted to:

(a) counsel of record (including their professional, paraprofessional, stenographic, and clerical employees) for that party;

(b) outside experts and consultants engaged by counsel of record (including their stenographic and clerical employees) provided that the outside experts and consultants are provided with a copy of this Order and sign an Affidavit Acknowledging Confidentiality in the form set forth as Exhibit "A" attached hereto;

(c) independent litigation support services, including legal interpreters, document reproduction services, computer imaging services, demonstrative exhibit services, and jury consultant services;

(d) the Court and court personnel;

(e) those persons allowed to have access as ordered by the Court; and

///

(f) representatives of the parties that are necessary to review such information.

The party (or parties) on whose behalf an Affidavit Acknowledging Confidentiality is signed shall retain the original Affidavit.

7. <u>Access to Highly Confidential Material</u>. Access to Highly Confidential Material furnished to a party shall be restricted to:

(a) counsel of record (including their professional, paraprofessional, stenographic, and clerical employees) for that party;

(b) outside experts and consultants engaged by counsel of record (including their stenographic and clerical employees), provided that such experts and consultants have executed the Affidavit Acknowledging Confidentiality as provided in paragraph 6.b;

(c) the Court and court personnel;

(d) those persons to have access as ordered by the Court; and

(e) independent litigation support services, including legal interpreters, document reproduction services, computer imaging services, demonstrative exhibit services, and jury consultant services.

8. <u>Obligation of Parties and Counsel of Record</u>. All parties and their counsel of record shall not permit disclosure of Confidential or Highly Confidential Information in violation of this order and shall exercise good faith and reasonable care to avoid unnecessary disclosure.

9. <u>Obligations of Persons Disclosing Designated Materials</u>. Any person who discloses Confidential or Highly Confidential Information to another shall advise such person of the existence of this order and of its terms. All persons so advised shall abide by the provisions of this order.

10. <u>Inadvertent Production</u>. The inadvertent production of any information or document without it being properly marked shall not be deemed a waiver of any claim of confidentiality in such information or document. If a party or non-party through inadvertence produces any Confidential Material or Highly Confidential Material without marking it as such

in accordance with the provisions of this Order, the supplying party or non-party may notify the receiving party in writing, and furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed Confidential Material or Highly Confidential Material and should thereafter be treated as such in accordance with the provisions of this Order.  Each receiving party must treat such information as confidential from the date that such notice is received.  Disclosure of such Confidential Material or Highly Confidential Material before the receipt of such notice shall not be deemed a violation of this Order.  Similarly, the inadvertent production of information or documents subject to the attorney-client privilege, work product immunity, or any other privilege or immunity ("privileged materials") shall not constitute a waiver of the privilege or immunity.  When an inadvertent production of privileged materials occurs, the producing party shall promptly notify the receiving party, in writing, and the receiving party shall return or destroy any privileged materials (and copies thereof) and shall not use the inadvertently-produced information in any way.  Notwithstanding these obligations, counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are overwritten in the normal course of business.  Notice will be considered prompt under the provisions of this paragraph if notice of the inadvertent production occurs within ten (10) days of its discovery.

11. **Filing of Papers Under Seal**.  Any party proposing to file any Confidential Material or Highly Confidential Material, or any portion thereof, with the Court shall comply with Local Rule 79-5.

12. **Deposition Practice**.

a. In the event that any item embodying Confidential Material or Highly Confidential Material is used at a deposition, the reporter and counsel shall be instructed at any time during the deposition that, pursuant to this Order, the deposition and deposition exhibits containing Confidential Material or Highly Confidential Material, if retained by the reporter, shall be retained under seal, and, if filed with this Court, shall be filed under seal with the instructions to the Clerk of this Court set forth in paragraph 0 above.  The reporter shall be

further instructed not to furnish copies of any such material or disclose its contents to any person other than counsel for the respective parties (or the designating third party). The parties may designate deposition testimony as containing Confidential Material or Highly Confidential Material by providing either oral notice on the record during the deposition or written notice of such designation to the reporter and counsel for the opposing party within thirty (30) days after receipt by any party or its counsel of the official transcript of such testimony. Prior to such notice, the entire transcript shall be treated as Highly Confidential Material.

        b.    At the deposition of a non-party, such non-party may be shown a document or other material designated as Confidential Material or Highly Confidential Material, but only if: (i) the non-party is provided a copy of this Order and signs an affidavit in the form set forth in Exhibit A, attached hereto, before the disclosure of such Confidential Material of Highly Confidential Material at the deposition; and (ii) counsel for the designating party agrees to such disclosure. Notwithstanding the foregoing, a non-party may be shown Confidential or Highly Confidential Material if that non-party had previously authored, received, or seen such Confidential or Highly Confidential Material, or is otherwise already familiar with the Confidential or Highly Confidential Material, but only to the extent of the person's familiarity with the Confidential or Highly Confidential Material. A proper foundation will be laid as to the non-party's familiarity with the Confidential or Highly Confidential Material before the non-party is shown the Confidential or Highly Confidential Material.

13.   <u>Challenging Designations</u>. Any party, after first having unsuccessfully requested withdrawal of a designation of Confidential Material or Highly Confidential Material by the designating party or non-party, may apply to this Court for an order removing such designated Confidential Material or Highly Confidential Material from the provisions hereof or otherwise modifying the provisions hereof as to such designated item(s). The burden for proving the need for the designation shall be with the party or non-party making the designation.

14.   <u>Designations Not Admissions</u>. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

15. <u>Limit to Scope of Order</u>.  This Order shall not be construed to prevent any party or person from making use of or disclosing information that:

    a. was lawfully in that party's or person's possession and not under an obligation of secrecy with respect to such information, before receipt of such information from a producing party;

    b. becomes lawfully known to that party or person in a manner that does not violate the provisions of this Order;

    c. was or is hereafter lawfully obtained from a source or sources other than the producing party or any person under an obligation of secrecy with respect to the producing party; or

    d. is or becomes publicly known as a result of publication or disclosure not involving a violation of this Order.

16. <u>Return of Documents</u>.  Upon final determination of this action, including all appeals, all copies of all documents containing designated Confidential Material or Highly Confidential Material that are in the possession of any person entitled to access under paragraphs 6 and 7 above, shall either be returned to counsel of record for the designating party or destroyed, within 30 days of such final determination.  As to destroyed documents, each party shall certify under oath to the other party that such documents have been destroyed. Notwithstanding these obligations, counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are overwritten in the normal course of business, and counsel of record for the parties may retain a single copy of all pleadings, motions, briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at any hearing or trial, and any other documents containing Confidential Material that were filed with the Court for any reason.

17. All documents filed with the Court under seal shall be retained by the Court in accordance with Local Rule 79-5(f).

18. This Order has been entered to facilitate discovery and presentation of evidence to the Court. Neither the designation of any information, document, testimony, or tangible object as Confidential Material or Highly Confidential Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

19. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification to this Order.

20. This Order shall not prevent any party from applying to the Court for a further order of injunctive relief, and shall not preclude any party from enforcing its rights at law or in equity with respect to any information, document, or thing against any other person, including another party, believed to be violating the rights of any party.

21. Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Confidential Material or Highly Confidential Material under the terms of this Protective Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of Confidential Material or Highly Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Confidential Material or Highly Confidential Material of any other person or party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

Dated: June 17, 2008                WEINTRAUB GENSHLEA CHEDIAK
                                    Law Corporation


                                    By:            /S/ Dale C. Campbell
                                          Dale C. Campbell
                                          California State Bar No. 99173

                                          Attorneys for Plaintiffs and
                                          Counterdefendants MV Transportation, Inc.
                                          and MV Public Transportation, Inc.

///

///

| | |
|---|---|
| Dated: June 17, 2008 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

By:_____
      Alec Hillbo
      Arizona State Bar No. 020185

Attorneys for Defendant and
Counterclaimant Janet Davis

### ORDER

Pursuant to stipulation, IT IS SO ORDERED.

Dated: 6/23/08  _____
      Ho urt



IT IS SO ORDERED
Judge Phyllis J. Hamilton